From: The District Court of the Eleventh Judicial District. County of Flathead.

STATE OF MONTANA, Plaintiff, vs. ELLIS KEITH GIFFORD, Defendant.

NO. 2949

## DECISION

The application of the above-named defendant for a review of the sentence of 6 years for first degree burglary with provision that 34 days jail imprisonment is not to affect parole eligibility, imposed on April 15, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed, except that it is specifically directed that defendant's 34 days imprisonment in the county jail prior to confinement in the State Prison shall be credited to the defendant as though already served in the State Prison at the time of reception and shall be so used in computing the date when defendant may be considered for parole eligibility. Respecting this direction concerning defendant's jail time, it is our opinion that the law permits no other method of treating the same. Section 95-2315, R.C.M.1947, State v. Zachmeier, 153 Mont. 64, 453 P.2d 783, 26 St. Rep. 210.

As to the sentence itself, aside from the direction given concerning the jail imprisonment, it is true that it could have been less, but also it could have been for much more under the statute. "The sentencing problem does not yield to exact analysis. It deals with human beings with differing qualities, and is still the product essentially of a process requiring analytical skill, competence and judgment of human wisdom." State v. Johnson, 158 a2d 746 (Conn.). Presuming, as we do, that the sentencing judge was correct in his assessment of the situation, we are unable to say the imposed sentence was not proper, reasonable, and sufficiently lenient, the crime and the sentencing goals kept in mind, particularly when it is considered that the defendant was involved in a number of other burglaries than the one charged. Any complaint that we have this day suspended the last 3 years of a similar sentence imposed on a co-defendant, Alma Louise Carlson, may be answered by the statement that she was but 20 years of age and 10 years defendant's junior at the time and does not appear to have been the leader. Equal sentences here seems to be to sentence unequally.

We thank Professor David J. Patterson, Acting Director of the Montana Defender Project, for his assistance to the defendant and to the Court.

DATED this 25th day of July, 1969.

## SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.